(68 App. Div. 396.)

PEOPLE ex rel. HEGEMAN v. JONES et al.

(Supreme Court, Appellate Division, Second Department. January 30, 1902.)

TOWN ASSESSORS—COMPENSATION—STATUTES—REPEAL.

Laws 1893, c. 629, § 2, making the compensation of town assessors in the county of Q. $3 per day, when elsewhere, under Laws 1890, c. 569, as amended by Laws 1893, c. 297, it was $2 per day, even if continued by Laws 1898, c. 588, § 18, to N. county, erected from certain of the territory of Q., when the remainder of said territory was incorporated into Greater New York, said section continuing in N. county acts "specially applicable to the county of Q., and now in force in the county of Q.," is repealed by implication by Laws 1900, c. 292, fixing the compensation of town assessors at $2 per day, with the exception that in M. county it should be $3 per day.

Application by Daniel J. Hegeman for certiorari to William H. Jones as supervisor, James L. Long as town clerk, and Walter Franklin and others as justices of the peace, composing the town board of the town of Oyster Bay, sitting as a board of audit. Writ dismissed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Halstead Scudder, for relator.
George B. Stoddart, for respondents.

WOODWARD, J. The relator is one of the assessors of the town of Oyster Bay, in the county of Nassau, and his contention in this proceeding is that the compensation allowed to assessors in the several towns of the county of Nassau was fixed by the provisions of chapter 629 of the Laws of 1893, which provided, in section 2, that "each of said assessors shall receive, as compensation for each day of actual service in the discharge of the duties of his office as such assessor, the sum of three dollars to be audited and paid in the manner now provided by law." This was a special act, entitled "An act relating to the duties and compensation of the assessors of the several towns in the county of Queens," and it is claimed that this provision was continued by section 18 of chapter 588 of the Laws of

1898, entitled "An act to erect the county of Nassau from the territory now comprised within the limits of the towns of Oyster Bay, North Hempstead and Hempstead, in the county of Queens." The provisions of section 18 are that:

"All acts and parts of acts specially applicable to the county of Queens and now in force in the county of Queens and n t inconsistent with this act shall continue in full force and effect in the county of Nassau as though the said county of Nassau had been in existence at the time of the passage of the said acts and as though the name of the said county of Nassau had appeared in the said acts or parts of acts."

At the time of the adoption of chapter 629 of the Laws of 1893 the general town law (chapter 569 of the Laws of 1890, as amended by chapter 297 of the Laws of 1893) provided that the supervisor, except when attending the board of supervisors, town clerks, assessors, commissioners of highways, justices of the peace, overseers of the poor, inspectors of election, and clerks of the polls, should each receive $2 per diem. The effect of this special act was to change the compensation of assessors in the towns within the county of Queens to $3 per diem. If it be conceded that the provisions of section 18 of chapter 588 of the Laws of 1898 are broad enough to include this special act, there would seem to be no doubt that the assessors of the towns of Nassau county would be entitled to $3 per day until the adoption of chapter 292 of the Laws of 1900. This act, adopted after the county of Nassau was fully organized, and occupying the same position in the eyes of the law as any other county in the state, provided compensation for town officers as follows:

"The supervisor, except when attending the board of supervisors, town clerk, assessors, commissioners of highways, justices of the peace and overseers of the poor, each, two dollars per day, except that in the county of Monroe assessors shall be entitled to three dollars per day."

The special act of 1893 has not been repealed by any direct statute, so far as we discover, and it is urged by the relator, whose bill for one day of service has been audited at $2, under the general act, instead of $3, under the special act, that it was the intention of the legislature to enable the people of the county of Queens to secure a better class of men to act as assessors in the several towns of the said county and of its successors, and that it should not be construed to have been repealed by implication. But what is there about the three rural townships embraced in the present county of Nassau, and having, with their several villages, an aggregate population of 55,448 inhabitants, which demands a different rate of compensation from that of the other counties of this state? The act of 1900 provides the rate of compensation for the entire state, specially excepting the county of Monroe from its operation. Unless there is some reason why the special act of 1893 should remain in force, we are unable to see why the general law does not operate to repeal so much of the special act of 1893 as related to the compensation of assessors. It seems to be assumed that the act creating the county of Nassau would have operated to repeal the special act of 1893 had it not been for the provisions of section 18 of that act. The legislature having

subsequently laid down a rule of compensation applying to all of the counties of the state, with the exception of Monroe county, we are of opinion that it was the intention of the legislature to fix the compensation of Nassau town assessors in common with those of the other counties of the state, and that the special act of 1893, designed to meet a situation existing in the county of Queens, has not survived to control the question in the new county of Queens after the legislature has had the general subject under consideration, and has specially designated the only county to be excepted from its operation. We are the more convinced of this as the special act had ceased to have any effect in the remaining portions of Queens county at the time of the erection of Nassau county by reason of its incorporation into Greater New York, and only such portions of acts as were "specially applicable to the county of Queens and now in force in the county of Queens" were continued in force by the provisions of section 18 of chapter 588 of the Laws of 1898. Section 943 of chapter 378 of the Laws of 1897 provides for the appointment of a board of assessors for Greater New York, comprising that portion of Queens county not contained in the present county of Nassau, and fixes the salaries of the members; so it cannot be said that the special act of 1893 was in force in Queens county generally at the date of the erection of Nassau county in 1898. We are clearly of the opinion that at the time the relator rendered services to the town of Oyster Bay the law provided only for the payment of $2 per day. The policy of the state, as declared by the legislature, is to pay $2 per day for the services of town officers generally while in the service of the town. This action was taken after the creation of the county of Nassau, and the special act of 1893 having been largely, if not wholly, superseded by the Greater New York Charter at the time of the creation of the new county; and, the intent to preserve the special act not being certain, it is not proper for the courts to interpose for the purpose of increasing the compensation of town officials beyond the sum fixed by the general law of the state. "Reason," says a maxim of the common law (Co. Litt. 70b), "is the soul of the law, and, when the reason of any particular law ceases, so does the law itself;" and as there would not appear to be any reason why Nassau county should be placed on a different footing in respect to its assessors from that of the other counties of this state, and as the legislature has failed to except it from the general law, we are convinced that the special act of 1893, passed under different circumstances, and for reasons which have no application at the present time, must be deemed to have been repealed.

The writ should be dismissed.

**Writ of certiorari dismissed, with $10 costs and disbursements. All concur.**