BAYLIS et al. v. ROSEMOUNT CEMETERY ASS'N et al.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

CEMETERIES (§ 9*)—LOCATION—CONSENT OF PUBLIC AUTHORITIES—STATUTES—CONSTRUCTION.

    Laws 1895, p. 342, c. 559, § 42, requiring a cemetery corporation to obtain the consent of the board of supervisors to the maintaining of a cemetery in Queens and other counties, provides that the board may grant such consent on such conditions as in its judgment the public health or the public good may require. The present county of Nassau was carved out of Queens county by Laws 1898, p. 1343, c. 588, section 18 whereof continued as to Nassau county all acts applicable to Queens county not inconsistent with the act. When the Consolidated Laws of 1909 were passed, and said section 42 became section 62 of chapter 35 thereof (Laws 1909, c. 40), Nassau county was added. Held, that said section 42 applied to Nassau county, and that the consent of the board must be obtained to the maintenance of a cemetery.

    [Ed. Note.—For other cases, see Cemeteries, Dec. Dig. § 9.*]

Action by Daniel H. Baylis and others against the Rosemount Cemetery Association and another. Submission of controversy under Code Civ. Proc. §§ 1279–1281. Judgment for plaintiffs.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

H. S. Weller, for plaintiffs.
Whitmel H. Smith, for defendants.

JENKS, J.  The sole submitted question is whether a cemetery corporation can maintain a cemetery in the county of Nassau without obtaining first the consent of the board of supervisors.  Section 42, c. 559, p. 342, of the Laws of 1895 prescribed such a consent in the counties of Kings, Queens, Rockland, Westchester, and Erie.  The present county of Nassau, then a part of the county of Queens, was carved out of it by chapter 588, p. 1336, of the Laws of 1898.  Section 18 thereof continued as to Nassau county all acts applicable to Queens county not inconsistent with that statute.

The contention of the defendants rests upon the maxim that when the reason for the law ceases the law ceases, in that the county of Nassau is rural, and not adjacent to a city of the first class, as was contemplated by the said chapter 559 of the Laws of 1895.  That this statute was police legislation is indicated, not only by its character, but also by the provision in the said section that said board of supervisors "may grant such consent upon such conditions, regulations and restrictions as, in its judgment, the public health or the public good may require."  It cannot be said that a rural county, such as is Nassau county, or even territory of a county not adjacent to a city of the first class, was not within its purview, inasmuch as the statute applies specifically, inter alia, to the counties of Westchester and of Rockland. If the Legislature deemed it wise to include the territory of the old county of Queens within such a prohibition in the interest of the public health, certainly the artificial subdivision of that territory into two counties in place of one county affords no reason to limit the statute to the exclusion of any of that territory.

When the Legislature passed the Consolidated Laws of 1909 and the said section 42 became section 62 of chapter 35 of the Consolidated Laws (chapter 40 of the Laws of 1909), it added "Nassau."  The note to this section reads:

"As part of Queens county was added to New York City and the remainder was afterward erected into Nassau county, the word 'Nassau' has been inserted in this section to preserve the rights of that portion of the original county."

This was necessary, because the whole of the old law was repealed. Thus we have legislative indication that the law of 1895 was applicable to the territory of Nassau county, as well as the legislative direction, heretofore noted, that all acts applicable to Queens county should extend over the territory of that county, although a part thereof was constituted the county of Nassau.

People ex rel. Hegeman v. Jones, 68 App. Div. 396, 74 N. Y. Supp. 294, cited by the learned counsel for the defendants, is discriminated, in that the question decided was the repeal of a special act by implication perforce of a statute subsequent to the statute which constituted the county of Nassau, and which later statute did not exclude that county from its purview.

There must be judgment for the plaintiffs, with costs, in accord with the terms of the submission.  All concur.